IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

## MARCH TERM, 1865.

---

JOHN B. HAIGHT, COLLECTOR OF JERSEY CITY, v. THE
STATE, THE JERSEY CITY AND BERGEN POINT PLANK
ROAD COMPANY, PROSECUTORS.

1. A plankroad company is, in fact, a turnpike company within the
meaning of the tax law of 1854, (*Nix. Dig.* 851, § 64,) requiring "the
personal estate of such company to be assessed in the township or
ward in which the treasurer or other officer authorized to discharge
the general pecuniary obligations of such company resides."

2. A plankroad constructed by a private company, and under legislative
authority, and dedicated to public travel, with gates erected thereon
for the collection of tolls, as a condition of such travel, may properly
be termed a turnpike road, without regard to the material of which
the surface of the road may be composed.

---

Error to the Supreme Court.

For the facts of the case, and the opinion of the court
below, see 1 *Vroom* 443.

449

Haight, Col., v. State, Jersey City and Bergen Point Plankroad Co., pros.

For plaintiff in error, *R. D. McClelland.*

For defendants, *A. O. Zabriskie.*

The opinion of the court was delivered by

HAINES, J.   The Jersey City and Bergen Point Plankroad Company were assessed in Jersey City, upon their capital stock paid in, for city, county and state taxes.   Upon writ of *certiorari*, the Supreme Court set aside the assessment, and the city authorities now seek a reversal of the judgment of the Supreme Court.

By the supplement to the act concerning taxes, of the twenty-eighth of March, 1862, (*Nixon, p.* 349,) all private corporations, with certain exceptions, are required to be assessed and taxed at the full amount of their capital stock paid in, and the accumulated surplus.

The place of assessment is indicated by the act of third March, 1854, (*Nixon* 802, § 64,) which provides that all the personal estate of every incorporated company liable to taxation, shall be assessed in the township or ward where the principal office shall be, or if such company have no principal office or place of transacting its financial concerns, then in the township or ward where the operations of such company· are carried on: and where the tolls of any bridge, turnpike, or railroad, or canal company are collected in several townships or wards, the personal property of such company shall be assessed in the township or ward in which the treasurer, or other officer authorized to discharge the general pecuniary obligations of said company resides.

The statute contemplates two distinct classes of corporations: *First,* that kind of corporation which has a principal office, or place of transacting its financial concerns, at a place where its operations are carried on ; and, *secondly,* that kind of corporation which is authorized to collect tolls in several townships or wards.

For each class a distinct place of assessment is provided. For the first, the township or ward where the principal

office or place of transacting its financial concerns is, or in the absence of such place, then in the township or ward where its principal operations are carried on. For the second class, the place of the residence of its treasurer.

The question then arises, what class of corporations embraces the company of the prosecutors?

Theirs is a plankroad company, whose road is partly within the limits of Jersey City, but chiefly in other townships; their gates are placed, by the direction of their charter, in those other towns, and the tolls are collected there. Their treasurer also resides in one of those towns, and not in Jersey City.

But the section of the act under consideration makes no mention of plankroads, although plankroads were in existence, and the subject of legislative action, before its passage. The charter of this very company was then in force, having been granted in March, 1850. Did the legislature mean to exempt plankroad companies from taxation, or did it mean to include them in the term turnpike companies?

A turnpike company is one which has the power to collect tolls from persons passing over their road, and to enforce the collection by erecting turnpikes or gates, or both, to obstruct the passage till the tolls are paid.

The definition is general, embracing various species of roads, whether the materials of which they are formed be stones, gravel, or plank, or the form of their structure be flat or rounded.

This company is authorized by its charter to erect toll gates, at which to demand and receive tolls, and is, therefore, a turnpike company; and by clear implication, if not by express terms, must come within the meaning of the act which imposes taxes on turnpike companies. If it be not so, then there is no place designated in which to tax plankroad companies; for, like other companies, they have no principal place of transacting its financial concerns, nor any one particular ward or township where its principal operations are carried on.

That such is the proper construction of the act is further manifested by several expressions in the cognate act authorizing the incorporation of plankroad companies. By the sixteenth section of that act, passed February, 1852, (*Nixon* 602,)* a penalty is imposed on any person who shall wilfully injure any gate or turnpike that shall be erected an any plankroad in pursuance of the act, or who shall forcibly pass the gate or turnpike of such road without having paid the legal toll. And the twenty-first section provides, that on complaint to a judge of the road being out of repair, notice is to be given to the president of the company, or to the keeper of the nearest gate or turnpike, and the judge may, on proper proof, order the keeper of the gate or turnpike to keep open the same till otherwise ordered. And the judge may, upon further inspection and proof, by license directed to the toll-gatherer, permit the gate or turnpike to be shut.

From the use of the term in an act which is *pari materia* with that under consideration, it is obvious that the legislature meant to designate such companies as are authorized to demand and receive tolls for passing over their roads.

The prosecutors, in this sense of the act, are a turnpike company, collecting toll in different townships, and are subject only to that provision which requires the taxes to be assessed in the township or ward where its treasurer resides. That place not being in Jersey City, the company is not taxable there, and the assessment was properly set aside, and the judgment of the Supreme Court must be affirmed, with costs.

*For affirmance*—BEASLEY, C. J., CLEMENTS, CORNELISON, FORT, HAINES, KENNEDY, VAIL, VREDENBURGH.   8.

*For reversal*—None.

Judgment of the Supreme Court affirmed.

* *Rev., p.* 831, § 16.